# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40432

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2018

Lyle W. Cayce
Clerk

SHIRLEY ROMBOUGH,

      Plaintiff - Appellant

v.

GUY BAILEY; HAVIDAN RODRIGUEZ; THE UNIVERSITY OF TEXAS - PAN AMERICAN; THE UNIVERSITY OF TEXAS SYSTEM; THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY; PAUL FOSTER; WILLIAM EUGENE POWELL; R. STEVEN HICKS; ERNEST ALISEDA; ALEX CRANBERG; WALLACE HALL, JR.; JEFFERY HILDEBRAND; BRENDA PEJOVICH; ROBERT STILLWELL,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CV-651

---

Before KING, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

      Shirley Rombough was a tenured professor at University of Texas-Pan American ("UTPA"). The Texas legislature abolished UTPA and created the University of Texas Rio Grande Valley ("UTRGV"). Rombough did not receive

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40432

employment at UTRGV and sued, alleging various constitutional violations. The district court dismissed all of her claims. For the reasons given below, we affirm.

## I. Background

### a. Facts

Rombough was a tenured professor in the Social Work Department of UTPA. UTPA was abolished by the Texas legislature in August 2015. *See* 2013 Tex. Sess. Law Serv. Ch. 726 (S.B. 24) § 4; *Edionwe v. Bailey*, 860 F.3d 287, 290 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 687 (2018). In the same act, the legislature created UTRGV and instructed that "the board of regents shall facilitate the employment at the university created by this Act of as many faculty and staff of the abolished universities as is prudent and practical." *Id.* § 1 (codified at TEX. EDUC. CODE 79.02); §5(c). The UT System Board of Regents approved a hiring process in May 2014 "for hiring tenured and tenure-track faculty members from UTPA . . . to UTRGV known as Phase I hiring." Phase I hiring had two requirements that are relevant to this case. The first, Section 4.1(c), provided that the president of UTRGV would not recommend an individual tenured at UTPA for a position at UTRGV if that person had been issued a disciplinary action within the past seven years. The second, Section 4.1(e), provided that the president of UTRGV would not recommend an individual tenured at UTPA for a position at UTRGV if that person had received an "overall 'unsatisfactory' or 'does not meet expectations' rating on either of their last two annual reviews."

Rombough applied for employment at UTRGV during Phase I hiring and was rejected in October 2014. The response to her application stated that she failed to satisfy the requirements of sections 4.1(c) and 4.1(e). Rombough responded that she had not received any disciplinary actions or unsatisfactory evaluations. UTPA responded by providing Rombough with an evaluation

2

from the 2011-2012 academic year which had a rating scale of 1 to 4, with 1 being "unsatisfactory." Rombough had been given zeros. The evaluation stated the following:

> The Annual Evaluation Committee and/or the Department Chair were unable to complete this evaluation given that the faculty member refused to provide the necessary signatures and documentation.

Around the same time, UTPA provided Rombough with a letter dated August 22, 2011 from Dean Bruce Reed. It stated that Reed was "issuing the attached performance improvement plan" to Rombough and required her to "schedule a meeting on [her] first day of Fall semester classes with [her] Chair and Dean in order to discuss the referenced plan." Rombough states that she had never seen the evaluation or the letter before UTPA provided them to her in October 2014.

Rombough was not hired at UTRGV. Her employment with UTPA was terminated when UTPA was abolished on August 31, 2015. S.B. 24 § 4.

### b. Procedural History

Rombough sued the founding president of UTRGV (Guy Bailey), the former Provost and Vice President for Academic Affairs at UTPA (Havidan Rodriguez), UTPA, the UT System, UTRGV, and individuals who were members of the UT System Board of Regents in the relevant time period. In her complaint, Rombough alleged the following: (1) Bailey and Rodriguez were the decision makers for Phase I hiring; (2) she had a property interest in her continued employment with UTPA and in employment at UTRGV; (3) Defendants violated her procedural and substantive due process rights as well as her right to equal protection; (4) S.B. 24 was unconstitutionally vague. She requested injunctive relief to prevent Defendants from enforcing S.B. 24, and she asserted a declaratory judgment against UTPA, UTRGV, and the UT

system, seeking a declaration that she "is being denied a constitutionally protected property interest."

This case was first assigned to Judge Crane, who recused himself, and then Judge Hinojosa, who also recused himself. The case was then assigned to Judge Alvarez. Defendants filed a 12(b)(1) motion to dismiss and a 12(c) motion for judgment on the pleadings. Rombough filed a motion to recuse Judge Alvarez under 28 U.S.C. § 455(a). Rombough also filed a response to the motion to dismiss, or in the alternative, for leave to amend her pleading. The court denied Rombough's motion to recuse and motion for leave to amend, granted Defendants' motion for judgment on the pleadings, and dismissed all of Rombough's claims with prejudice. Rombough appeals all of these rulings.

## II. Standard of Review

This court reviews a grant of a Rule 12(c) motion for judgment on the pleadings and a grant of a Rule 12(b)(1) motion to dismiss de novo. *Edionwe*, 860 F.3d at 291; *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). We review a denial of a motion to amend pleadings for abuse of discretion. *Edionwe*, 860 F.3d at 291. When a district court denies leave to amend "based solely on futility, this court applies a de novo standard of review." *Peña v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018) (citation and internal quotation marks omitted). We review a denial of a motion to recuse for abuse of discretion. *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 80 (5th Cir. 2011). We review discovery decisions for abuse of discretion. *Grogan v. Kumar*, 873 F3d. 273, 280 (5th Cir. 2017).

No. 17-40432

### III. Discussion

Rombough argues she had a property interest in employment at UTRGV. This court has already rejected this argument in a similar case, *Edionwe v. Bailey*. Edionwe was a tenured faculty member at UTPA whose employment was terminated when UTPA was abolished. *Edionwe*, 860 F.3d at 290-91. Like Rombough, he did not receive employment at UTRGV and sued. *Id.* This court decided that his due process rights had not been violated by the termination of his employment at UTPA or by his failure to receive employment at UTRGV. *Id.* at 293-94. Rombough argues that *Edionwe* shouldn't control the outcome of this case because Edionwe failed to apply during the Phase I hiring process. *Id.* at 290. As explained below, *Edionwe* squarely rejected most of the due process arguments Rombough makes now.

Rombough argues the following facts gave her a property interest in employment at UTRGV: (1) her tenure and length of employment at UTPA, (2) S.B. 24's statement that "the board of regents shall facilitate the employment at the university created by this Act of as many faculty and staff of the abolished universities as is prudent and practical," (3) a public statement by Bailey stating that UTPA's faculty would be "merged" into UTRGV, (4) the Phase I hiring policy, and (5) tenure and tenure-track faculty at UTPA who were hired at UTRGV were given credit for their years of tenure or tenure-track service at UTPA. *Edionwe* rejected the first four of these arguments. *Edionwe*, 860 F.3d at 292-93, 295-96; *see also Hernandez v. Bailey*, 716 Fed. App'x 298, 302 (5th Cir. 2018).[1] The fifth argument doesn't save Rombough's claim. The fact that former UTPA faculty were given certain benefits at UTRGV does not show that "UTRGV *itself*, through the board of

---

[1] *Hernandez v. Bailey* dealt with a tenured faculty member of UTPA who applied and was rejected during Phase I hiring. *Hernandez*, 716 Fed. App'x at 300-01. Though non-precedential, we find the reasoning in *Hernandez* persuasive.

No. 17-40432

regents, adopted a policy that guaranteed employment for all faculty from UTPA." *See Edionwe*, 860 F.3d at 293; *Hernandez*, 716 Fed. App'x at 302. Rombough failed to show that she had a protected property interest in employment at UTRGV.

Rombough also argues that her due process rights were violated by the termination of her employment at UTPA. These arguments are also foreclosed by *Edionwe*, which held that Edionwe's procedural and substantive due process rights were not violated when his employment at UTPA was terminated with the abolishment of UTPA. *Edionwe*, 860 F.3d at 293-94.

Rombough also argues that her equal protection rights were violated. She does not claim that she was discriminated against for being a member of a protected class. Rather, she argues that the classifications created by the Phase I hiring process "were not reasonable in light of the purpose for creating the classifications" and that they were "overbroad." As noted by the district court, because Rombough's argument does not implicate a fundamental right or a suspect class, "the appropriate standard of review is whether the difference in treatment between classes rationally furthers a legitimate state interest." *Rombough v. Bailey*, No. 7:16-CV-651, 2017 WL 5634730, at *6 (S.D. Tex. Mar. 21, 2017) (quoting *Wood v. Collier*, 836 F.3d 534, 539 (5th Cir. 2016) (citations omitted)). The court concluded that a "policy aimed at hiring teachers without recent disciplinary history or poor performance reviews is rationally related to the State's legitimate interest in promoting quality public education." *Id.* (citation omitted). We agree.[2] *See Hernandez*, 716 Fed. App'x at 303-04.

---

[2] Because we hold Rombough's equal protection argument is meritless, we need not address the State's argument that the equal protection clause does not apply in this context. Furthermore, we do not address the State's argument that Rombough's due process and equal protection claims are time-barred.

No. 17-40432

Rombough argues that the "as many" and "prudent and practical" language in S.B. 24 is unconstitutionally vague.  The State argues that *Beckles v. United States* shows that an intragovernmental mandate such as this one that merely guides otherwise "nearly unfettered discretion" cannot be unconstitutionally vague.  137 S. Ct. 886 (2017).  Here, the State "had inherently broad discretion to make its own hiring decisions" and S.B. 24 "merely provided the Board light guidance in exercising that discretion." *Hernandez*, 716 Fed. App'x at 305.  Therefore, we hold that it is not unconstitutionally vague.

Because we hold that Rombough has failed to establish any constitutional violations, we do not address whether any defendants are entitled to qualified immunity.  Furthermore, we do not address Rombough's argument that she is entitled to declaratory judgment, "exercising our 'unique and substantial discretion in deciding whether to declare the rights of litigants' under the federal Declaratory Judgment Act."[3] *Edionwe*, 860 F.3d at 294 n.2 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 2142 (1995) .

Rombough also argues the district court erred when it denied her request to amend her pleadings.  Rombough's motion for leave to amend stated:

> If the Court is inclined to dismiss any portion of Plaintiff's complaint for failure to state a claim, Plaintiff requests leave of court to amend her complaint to cure the alleged pleading deficiencies identified by Defendants including, but not limited to, pleading sufficient facts to establish section 1983 claims for violations of procedural and substantive due process rights, establish entitlement to declaratory relief, establish a due process claim for an unconstitutionally vague statute, establish a claim for

---

[3] Rombough sought declaratory judgment under the Texas Declaratory Judgment Act, but such actions are construed as brought under the federal Declaratory Judgment Act once they have been removed.  *Edionwe*, 860 F.3d at 294 n.2.

equal protection, and defeating Defendants' qualified immunity defense. Plaintiff also seeks leave to assert the discovery rule.

A "bare bones motion to amend remains futile when it "fail[s] to apprise the district court of the facts that he would plead in an amended complaint."" *Edionwe*, 860 F.3d at 295 (citation omitted). Rombough failed to apprise the court of the facts she would plead in her amended complaint; therefore the district court did not err when it denied her motion to amend as futile.

Rombough asserts that the district court abused its discretion by refusing to enter a scheduling order because it prevented her from conducting discovery. The State correctly points out that the absence of a scheduling order did not prevent discovery. The district court did not abuse its discretion.

Finally, Rombough argues Judge Alvarez abused her discretion when she denied Rombough's motion to recuse pursuant to 28 U.S.C. § 455(a). This section states that "[a]ny justice, judge, or magistrate judge of the United states shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* Rombough asserts the following facts show Judge Alvarez should have recused herself: (1) she refused to enter a scheduling order, which prevented Rombough from conducting discovery; (2) she stated that it "might" be best to consolidate discovery in this case with similar cases; (3) she held that parties would not be able to file replies or surreplies in this matter; (4) she attended the University of Texas at Austin and the University of Texas School of Law; (5) she founded a scholarship for the University of Texas School of Law; (6) she spoke at a power lunch series at the University of Texas School of Law; (7) and Judges Crane and Hinojosa, also graduates of the University of Texas, recused themselves.

As noted above, the lack of a scheduling order did not prevent Rombough from conducting discovery. Judge Alvarez's statement that she "might"

consolidate discovery cannot show bias because discovery was never consolidated.  The refusal to allow replies or surreplies affected Rombough and Defendants equally, so could also not serve as evidence of bias.  Judges Crane and Hinojosa did not give reasons for why they recused themselves, and it is improper for Appellant to assume it was because they graduated from the University of Texas.  As for Judge Alvarez's various affiliations with the University of Texas, they do not meet the standard.  First, Judge Alvarez is not a graduate of either UTPA or UTRGV.  Even if she were, this circuit has held that this would not be enough to merit recusal.  *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 225-26 & n.13 (5th Cir. 1988).  Because being an alumna of the defendant university did not meet the standard in *Levitt*, founding a scholarship and speaking at a lunch at a university *related* to the defendant university certainly does not meet the standard either.  Therefore, Judge Alvarez did not abuse her discretion when she denied Rombough's motion to recuse.

For the foregoing reasons, we **AFFIRM**.